Virake BUDIHARDJO;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72706.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 12, 2004.

Virake Budihardjo, Everett, WA, pro se.

Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Arnold Budihardjo, Everett, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Anthony P. Nicastro, Esq., Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

■ Arnold and Virake Budihardjo, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Arnold Budihardjo filed a petition and his wife Virake filed for derivative status. The IJ held that Budihardjo's asylum claim was time-barred, and he denied relief under the other two claims. We have no jurisdiction to review Budihardjo's claim for asylum or whether there were changed country circumstances that might excuse the time bar. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). On the other two claims we have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence the factual findings underlying the BIA's denial of withholding of removal and relief under CAT. *See Andrasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999).

■ Budihardjo contends that he is eligible for withholding of removal on account of his religion, Pentecostal Christian. However, an alien is not entitled to mandatory withholding of removal unless there is "a 'clear probability'—i.e., unless' it is more likely than not'—that he will be subject to persecution." *See Lim v. INS,* 224 F.3d 929, 938 (9th Cir.2000). The BIA found that Budihardjo's testimony does not constitute past persecution, and we conclude that the evidence does not "compel" a contrary finding. *See INS v. Elias-Zacarias,* 502 U.S. 478 at n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (to obtain reversal petitioner must show that evidence compels it); *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats and one beating did not constitute persecution). The BIA affirming the IJ's decision could not find that the general country conditions met the heightened standard of a "clear probability" of future persecution to merit withholding of removal. We agree, especially, where as here, the Budihardjos' children and other family members continue to live and practice their religion in Indonesia. *See Lim,* 224 F.3d at 935 (ongoing family safety mitigates the risk of persecution when the family members are "similarly situated to the applicant and thus presumably subject to similar risk.")

Accordingly, we conclude that the BIA's determination that Budihardjo is not entitled to withholding of removal is supported by substantial evidence. We likewise conclude that the BIA's determination that Budihardjo is not entitled to relief under CAT is supported by substantial evidence. *See, e.g., Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

---

In part DISMISSED and in part DE-NIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.